THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Furman Benjamin, Appellant.
 
 
 

Appeal From Florence County
John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2008-UP-569
 Submitted October 1, 2008  Filed October
13, 2008

VACATED AND REMANDED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia;
 Solicitor E.L. Clements, III, of Florence, for Appellant.
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Furman
 Benjamin was indicted for attempted armed robbery, assault with intent to kill,
 and possession of a weapon during the commission of a violent crime.  Following
 a jury trial, he was convicted of the attempted armed robbery and weapon
 possession charges, and was acquitted of the assault with intent to kill
 charge.  The State appeals from the trial judges sentencing of Benjamin as a
 youthful offender for the attempted armed robbery charge.  We vacate and
 remand.
Under
 the Youthful Offender Act, a youthful offender is defined in pertinent part as
 an offender who is:

 seventeen
 but less than twenty-five years of age at the time of conviction for an offense
 that is not a violent crime, as defined in Section 16-1-60, and that is
 a misdemeanor, a Class D, Class E, or Class F felony, or a felony which
 provides for a maximum term of imprisonment of fifteen years or less.

S.C.
 Code Ann. § 24-19-10(d)(ii) (2007) (emphasis added).  Under section 16-1-60,
 attempted armed robbery is included within the statutorily defined violent
 crimes.  S.C. Code Ann. § 16-1-60 (Supp. 2007).  Accordingly, Benjamin does not
 qualify for a youthful offender sentence.  Benjamins sentence for attempted armed robbery is therefore vacated, and
 the matter is remanded for re-sentencing.
VACATED
 AND REMANDED. 
HEARN, C.J.,
 HUFF and GEATHERS, JJ., concur.